STATE OF NORTH CAROLINA FILED IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
COUNTY OF GUILFORD 2021 APR 21 P 12: 37    21-CVS-4742

GUILFORD CO. C.S.C.
BY _____

RECEIVED
MAY - 6 2021
SELECTIVE CORP, LEGAL DEPT.

GARY LEMONS, )
)
Plaintiff, )
)
v. )
) **COMPLAINT**
SELECTIVE INSURANCE COMPANY )
OF THE SOUTHEAST and )
SELECTIVE INSURANCE COMPANY )
OF AMERICA, )
)
Defendants. )

NOW COMES Plaintiff Gary Lemons, by and through the undersigned counsel, and complains of Defendants Selective Insurance Company of the Southeast and Selective Insurance Company of America as follows:

1. Plaintiff Gary Lemons ("Plaintiff") is a competent adult citizen and resident of Madison, Rockingham County, North Carolina.

2. Defendant Selective Insurance Company of the Southeast ("Selective of Southeast") is an insurance company doing business in the State of North Carolina and is authorized, pursuant to Chapter 58 of the North Carolina General Statutes, as a domesticated insurance company to do business in the State of North Carolina.

3. Defendant Selective Insurance Company of American ("Selective of America") is an insurance company doing business in the State of North Carolina and is authorized, pursuant to Chapter 58 of the North Carolina General Statutes, as a domesticated insurance company to do business in the State of North Carolina.

4. On or about January 13, 2018, Plaintiff was involved in an incident at 3104 Darden Road in Greensboro, Guilford County, North Carolina (the "Darden Home"). At the time of the

incident, he was a lawful visitor at the Darden Home, which was owned by Robert D. Connell operated by Ablecare Corp. As a result of such incident, Plaintiff received medical treatment and incurred medical expenses.

5. At the time of the incident, the Darden Home was insured under a commercial liability policy of insurance, policy number S 2163582 ("Selective Policy") issued by Defendant Selective of Southeast and/or Selective of America with an effective period of May 14, 2017 to May 14, 2018. A copy of the Declarations pages for the Selective Policy is attached hereto as Exhibit A.

6. The Selective Policy provides coverage for Plaintiff's medical payments claim.

7. Defendants Selective of Southeast and/or Selective of America have failed to comply with the terms and conditions of the aforementioned Selective Policy of insurance and failed to provide Plaintiff payment under medical payments coverage section of such Selective Policy.

8. There is currently $20,000.00 owed under the medical payments coverage of the Selective Policy for Plaintiff's medical payments coverage claim arising out of the incident.

9. Defendants Selective of Southeast and/or Selective of America have taken the position that Plaintiff failed to notify and report to the Defendant(s) within one year of the incident of the med pay claim. However, Plaintiff was unaware of any potential med pay coverage, or any such requirement, and although insured for the coverage, is not the named insured. Plaintiff notified Selective's insured and/or agents of Selective's insured of the fall and the injuries, and Selective's withholding of the existence of the Selective Policy cannot be attributable to Plaintiff nor bar Plaintiff from coverage.

2

### FIRST CLAIM FOR RELIEF – BREACH OF CONTRACT
**(Defendants Selective of Southeast and/or Selective of America)**

10. Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint as if fully set forth herein.

11. The Darden Home had a contract for insurance with Defendants Selective of Southeast and/or Selective of America, which insurance contract includes medical payments coverage for Plaintiff's injuries.

12. Defendants Selective of Southeast and/or Selective of America materially breached the terms of the Selective Policy by failing to provide Plaintiff with payment under the medical payments coverage of the Selective Policy.

13. As a result of Defendants' Selective of Southeast and/or Selective of America's breach, Plaintiff incurred damages including but not limited to payment of medical expenses covered under the Selective Policy.

14. As a result of such material breach, Plaintiff is entitled to recover from Defendants Selective of Southeast and/or Selective of America Twenty Thousand and 00/100 Dollars ($20,000.00).

### SECOND CLAIM FOR RELIEF – REASONABLENESS, GOOD FAITH, LACK OF PREJUDICE, BAD FAITH, UNFAIR AND DECEPTIVE TRADE PRACTICES
**(Defendants Selective of Southeast and/or Selective of America)**

15. Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint as if fully set forth herein.

16. Plaintiff has given notice of the incident and claim as soon as practicable, and as soon as reasonable under the circumstances, and Plaintiff has acted in good faith in making the

med pay claim and inquired of the defense attorneys for Defendants' Selective of Southeast and/or Selective of America insured of the availability of med pay coverage, and just obtained a denial recently. Even if the notice was not given as soon as practicable, and even if Plaintiff has failed to act in good faith, then Defendants Selective of Southeast and/or Selective of America have not been materially prejudiced by the actions of Plaintiff or the fact that this med pay claim is being presented and has been presented at this time. Defendants Selective of Southeast and/or Selective of America cannot point to any lost fact, or lost witness, or lost evidence that would materially prejudice them in paying and adjusting this claim.

17. Furthermore, implied and in every contract of insurance, is the duty to engage in fair dealing and good faith. For Defendants' insured(s) or Defendants to, in essence, "hide the ball" or fail to reveal the existence of the available coverage, is not acting in good faith, and is in breach of the implied warranty of good faith in every insurance company, causing damages to Plaintiff.

18. Defendants Selective of Southeast and/or Selective of America, Defendants' insured(s), and/or agents of Defendants Selective of Southeast and/or Selective of America's insured(s) violated Chapter 58 of the North Carolina General Statutes and committed one or more of the following acts:

    a. Misrepresentation of pertinent facts or insurance policy provisions relating to coverages at issue by failing to inform Plaintiff that the Darden Home had medical payments coverage under the Selective Policy;

    b. Refusing to pay claims without conducting a reasonable investigation based upon available information, by attempting to require additional and unnecessary information which is superfluous;

4

      c.     Not attempting, in good faith, to effectuate prompt, fair and equitable settlements of the medical payments claim, when it has become reasonably clear, in that the medical bills provided reasonably show that Plaintiff's medical treatment relates to the incident;

      d.     Compelling the insured to institute litigation to recover the amount due under the Selective Policy, by failing to make any payment that was reasonably related to Plaintiff's claim and to the coverages, forcing Plaintiff to file a suit to obtain benefits;

      e.     Unnecessarily delaying the payment of Plaintiff's claims without legal reason to do so; and

      f.     Other actions that may be proven at the trial of this matter.

19.     The actions of Defendants Selective of Southeast and/or Selective of America in violating Chapter 58 of the North Carolina General Statutes also constitute unfair and deceptive trade practices pursuant to Chapter 75 of the North Carolina General Statutes, entitling Plaintiff to treble damages, attorney's fees and costs.

20.     Independent of Chapter 58 of the North Carolina General Statutes, as a result of their conduct, Defendants Selective of Southeast and/or Selective of America have also violated Chapter 75 of the North Carolina General Statutes, entitling Plaintiff to treble damages, attorney's fees and costs.

21.     The Defendants' conduct amounted to an inequitable assertion of power and position over the Plaintiff, and were oppressive, reckless, and in wanton disregard of the rights of the Plaintiff, and unfair, deceptive, and substantially injurious to the Plaintiff.

22. The Defendants' conduct, in refusing to pay Plaintiff's valid claim, constitutes fraud, malice, gross negligence, insult, rudeness, bad faith, oppressive conduct, and a wanton and reckless disregard of Plaintiff's rights. *See Lovell v. Nationwide Mut. Ins. Co.*, 108 N.C. App. 416, 424 S.E.2d 181 (1993).

23. The Defendants' conduct constitutes bad faith, oppressive conduct, and exertion of undue bargaining power and control over the Plaintiff; and was an effort to deny the Plaintiff's claim. Such acts constitute bad faith, proximately causing damages to the Plaintiff.

24. The Plaintiff is entitled to punitive damages in accordance with N.C.G.S. § 1D in the amount of three (3) times actual damages, or $250,000.00 per occurrence, whichever amount is greater, plus attorneys' fees.

25. Plaintiff is entitled to damages greater than $25,000.00 for breach of the warranty of good faith, and for breach of the contract of insurance.

WHEREFORE, Plaintiff prays for the following relief:

1. That he have and recover damages for breach of contract in an amount in excess of the sum of Twenty Five Thousand and 00/100 Dollars ($25,000.00) for Defendants Selective of Southeast's and/or Selective of America's failure to pay the medical payments coverage under the Selective Policy;

2. That Plaintiff recover from Defendants Selective of Southeast and/or Selective of America the amount of Plaintiff's attorney's fees pursuant to N.C.G.S. § 6-21.1 and Chapter 75 of the North Carolina General Statutes, plus costs and interest for this action; and

3. That the Court grant unto the Plaintiff such other and further relief as the Court may deem just and proper.

4. That the plaintiff hereby demands a jury trial.

This the 21 day of April, 2021.

Paul D. Coates
PINTO COATES KYRE & BOWERS, PLLC
N.C. State Bar # 9753
3203 Brassfield Road
Greensboro, NC 27410
Telephone: (336) 282-8848
Facsimile: (336) 282-8409

Donald R. Vaughan
Donald Vaughan & Associates
N.C. State Bar # 10206
612 West Friendly Avenue
Greensboro, NC 27401
Telephone: (336) 273-1415
Facsimile: (336) 273-1445
*Attorneys for Plaintiff*

7